IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

DOMINIC FABIAN,

           Plaintiff,

v.                                              Civil Action No. 5:13-CV-8
                                                (BAILEY)
MARK CARR,
ADESA PENNSYLVANIA INC. d/b/a
ADESA PITTSBURGH MOTORS,
and NATIONWIDE INSURANCE CO.,

           Defendants.

## MEMORANDUM OPINION AND ORDER

Currently pending before this Court are Defendants ADESA Pennsylvania LLC
("ADESA") and Mark Carr's ("Carr") Motion to Strike Allegations in the Complaint [Doc. 6],
filed January 29, 2013, and Plaintiff Dominic Fabian's Motion to Remand [Doc. 7], filed
February 14, 2013.  This Court has reviewed the record and the motions and, for the
reasons set out below, finds that the motion to remand should be **GRANTED**.

## BACKGROUND

### I.    Factual Allegations

This case involves a motor vehicle accident between the plaintiff, who is an Ohio
resident, and defendant Carr, a Pennsylvania resident.  According to the Complaint [Doc.
1-1], on January 2, 2011 the plaintiff was traveling west on the Market Street bridge from
Brooke County, West Virginia, toward Jefferson County, Ohio [Id. at ¶¶ 1, 6].  At the same
time, Defendant Carr was traveling east on the same bridge when he crossed into the

westbound lane and struck the plaintiff's vehicle [Id. at ¶¶ 2, 7, 9, 12].  At the time of the accident, the Complaint claims that Carr was an employee ADESA, a Pennsylvania business, and was acting within the scope of his employment [Id. at ¶¶ 3–4].  Defendant Nationwide Insurance Company ("Nationwide") was the plaintiff's motor vehicle insurer [Id. at ¶ 5].

## II.   Procedural History

On December 20, 2012, the plaintiff commenced this action in the Circuit Court of Brooke County, West Virginia, against Carr, ADESA, and Nationwide for injuries resulting from the accident on January 2, 2011  [Doc. 1-1].

Count I of the Complaint alleges that due to Defendants Carr and ADESA's negligence, carelessness, and recklessness, the plaintiff suffered painful injuries and will continue to suffer in the future [Id. at ¶ 15].  The plaintiff claims that his injuries have interfered with his capacity to earn a livelihood and engage in other activities [Id.].  As a result of the defendants' unlawful conduct, the plaintiff alleges that he incurred medical expenses and other financial losses, suffered from emotional, mental, and psychological distress and anxiety, pain, suffering, disruption of life activities and inconvenience [Id. at ¶¶ 16–18].

Count II of the complaint alleges that at the time of the accident the plaintiff was insured under a valid insurance policy issued by Nationwide which provided underinsured motorist coverage.

On January 22, 2013, Defendant Nationwide removed the above-styled action to the United States District Court for the Northern District of West Virginia based upon diversity jurisdiction [Doc. 1].  In particular, the defendant argues that the Ohio citizenship of

Nationwide should be disregarded for purposes of diversity in determining jurisdiction because it was fraudulently joined.  [Id. at ¶ 11].  Nationwide argues that West Virginia Code § 33-6-31 prohibits a plaintiff from filing a direct action against an insurer until a judgment has been obtained against the underinsured motorist  or unless the plaintiff has settled with the tortfeasor with the consent of the insurer providing underinsured motorist coverage [Id. at ¶ 13].

On January 29, 2013, ADESA and Carr moved to strike certain portions of the Complaint [Doc. 6].  In support of the motion, defendants argue that allegations regarding Carr's DUI arrest are immaterial to the case and highly prejudicial.  [Doc. 5 at 3–6].

On February 14, 2013, the plaintiff filed the instant Motion to Remand [Doc. 7].  In support of the motion, the plaintiff argues that Nationwide is a properly joined party under Ohio case law. [Doc. 8 at 2–3].  The plaintiff claims that Ohio law, not West Virginia law, applies because the plaintiff is an Ohio resident and the insurance policy was issued to him in the State of Ohio [Id. at 2].  The plaintiff also claims that the Ohio Supreme Court permits an insured to commence an action for underinsured or uninsured coverage while there is a pending suit against the tortfeasor.  Thus, because the citizenship of Nationwide should not be disregarded, the plaintiff argues, the lack of complete diversity requires remand. [Id. at 6–7].

On February 22, 2013, Nationwide filed a Response to plaintiff's motion to dismiss [Doc. 10].  The response claims fraudulent joinder on the grounds that the plaintiff's insurance coverage does not include a coverage for underinsured motorists, as was claimed in the Complaint [Id. at 1].

On the same day as Nationwide's response, the plaintiff filed a Reply [Doc. 11].  The

plaintiff claims that there is a possibility that the plaintiff's uninsured motorist coverage may be applicable to the damages in this case in the event that coverage under Defendant ADESA's policy is prohibited and in the event that defendant Carr has no individual liability coverage.

On February 28, 2013, defendants ADESA Pennsylvania and Mark Carr also filed a Response in Opposition to the plaintiff's motion to remand [Doc. 13].  The defendants claim that Nationwide was fraudulently joined because the plaintiff cannot recover based on underinsured motorist coverage and is barred from asserting a new cause of action or theory of recovery to avoid federal diversity jurisdiction [Id. at 2–3].  The response claims that the plaintiff may not now assert that he may be entitled to uninsured motorist coverage because the Complaint only asserts an underinsured motorist coverage theory [Id. at 2–4].  Further, the response claims that even if the Court considers the plaintiff's new theory of recovery, neither ADESA nor Carr are "uninsured motorists" as defined by Ohio law because both parties are self-insured up to a certain amount of liability [Id. at 4–5].  This Court agrees with the plaintiff that has a possible claim against Nationwide and thus, Nationwide's citizenship should not be disregarded for purposes of diversity and the case should be remanded to state court.

## DISCUSSION

### I.    Fraudulent Joinder Standard

On the face of the Complaint, complete diversity of citizenship is lacking because the plaintiff and defendant Nationwide are both considered to be citizens of Ohio.  The fraudulent joinder doctrine provides an exception to the complete diversity requirement and allows a district court to assume jurisdiction even if there are nondiverse defendants at the

4

time of removal.

"Fraudulent joinder requires neither fraud nor joinder.  Rather, it is 'a term of art [which] does not reflect on the integrity of the plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists.'  ***AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.***, 903 F.2d 1000, 1003 (4th Cir. 1990); *cf*. ***Smallwood v. Ill. Cent. R. R.***, 385 F.3d 568 (5th Cir. 2004) (adopting term "improper joinder" as more accurate than "fraudulent joinder").  To show that a nondiverse defendant has been fraudulently joined, 'the removing party must establish either: [t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.' [***Mayes v. Rapoport***, 198 F.3d 457, 464 (4th Cir. 1999)]."

***Wygal v. Litton Loan Servicing LP*** 2009 WL 2524701, *2 (S.D. W.Va. Aug. 18, 2009).

"'The party alleging fraudulent joinder bears a burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor.' [***Hartley v. CSX Transp.***, 187 F.3d 422, 423 (4th Cir. 1999)].  In fact, the fraudulent joinder standard 'is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).'  ***Mayes***, 198 F.3d at 464.  Accordingly, '[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted.'  ***Marshall v. Manville Sales Corp.***, 6 F.3d 229, 233 (4th Cir. 1993); *see also* ***Hartley***, 187 F.3d at 426 ("Once the court identifies the glimmer of hope for the plaintiff, the jurisdictional inquiry ends.")."  ***Id.***  Finally, "the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available."

***Mayes***, 198 F.3d at 464.

## II.   <u>Analysis</u>

### A.   **Choice of Law Provisions**

In its Notice of Removal [Doc. 1], defendant Nationwide contends that removal is proper because the plaintiff has fraudulently joined Nationwide, the only non-diverse defendant.  In support of its contention, the defendant argues that the plaintiff cannot establish a cause of action against the defendant because West Virginia Code § 33-6-31

5

does not authorize a direct action against the insurer providing underinsured motorist coverage until a judgment has been obtained against the underinsured motorist, or unless the plaintiff has settled with the tortfeasor with the approval of the insurer providing underinsured motorist coverage.  In its motion to remand, plaintiff contends that Ohio law, not West Virginia law, is applicable.  This Court agrees with the plaintiff.

Action against an uninsured or underinsured motorist carrier is founded on the contract of insurance and therefore is governed by conflicts of law principles applicable to contracts.  **Plumley v. May**, 189 W. Va. 734, 738 (1993); *see also* **Lee v. Saliga**, 179 W. Va. 762, 766 (1988).  Even though the automobile accidence involves a tort action against the alleged tortfeasor, the plaintiff seeks to enforce the alleged contractual obligation of Defendant Nationwide and therefore the ultimate basis for the suit is contractual.  In West Virginia, the conflict of laws rule in contract cases is a "more significant relationship" test which provides that the "provisions of a motor vehicle policy will ordinarily be construed according to the laws of the state where the policy was issued and the risk insured was principally located, unless another state has a more significant relationship to the transaction and the parties" **Lee**, 179 W. Va. at 770.  Factors considered include the residency of the parties, the principle location of the risk insured and where the policy was issued to determine the parties' reasonable expectations.

Here, Ohio has a more significant relationship with the parties and the transaction at issue.  The plaintiff is an Ohio resident, and purchased the insurance policy in Ohio. Defendant Nationwide is an Ohio Corporation.  Therefore, Ohio law applies.  Ohio law does not require that the plaintiff obtain judgment from or settle with the tortfeasor prior to

6

bringing suit.  *See **Helms v. Nationwide Insurance Co. of America***, 280 F.R.D. 354, 356 (S.D. Ohio 2012).   Therefore, Nationwide's argument regarding applicability of West Virginia law to this case fails.

### B.   Unavailability of Underinsured Motorist Coverage

ADESA and Carr's response in opposition to plaintiff's motion asserts that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court [Doc. 13].  The defendants claim that Nationwide's response provides evidence that the plaintiff did not have underinsured motorist coverage from Nationwide, which they assert prohibits the plaintiff from recovering from Nationwide.  The response further states that this Court is permitted to consider evidence provided by declarations pages submitted by Nationwide evidencing that the plaintiff does not have underinsurance motorist coverage.

The existence of diversity jurisdiction is determined as of the time of removal.  *See **St. Paul Mercury Indemnity Co. v. Red Cab Co***., 303 U.S. 283, 288–91 (1938).   In determining "whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available."  ***Mayes v. Rapoport***, 198 F.3d 457, 464 (4th Cir. 1999) (internal quotations omitted).  The allegations outside the pleadings are considered "only to the limited extent that they shed light on the facts and allegations as they existed prior to removal."  ***Cain v. XTO Energy***, 2012 WL 1068199, at *6 (N.D.W.V. Mar. 29, 2012).

The Complaint as filed with the Circuit Court of Brooke County, West Virginia, reads

in Count II, "Plaintiff was insured under a valid insurance policy issued by Nationwide Insurance, which included among other provisions, a provision for underinsured motorist coverage." [Doc. 1-1 at 9].  The Complaint alleges that "on or about the 2nd day of January, 2011, the Plaintiff, Dominic Fabian was the restrained driver of a certain 2000 Blue Mini Van" [Id. at 5].  Defendant Nationwide's response includes policy declarations that list Dominic Fabian as one of the policyholders [Doc. 10 at 3].  The vehicles listed on the policy declarations are a "1998 Oldsmobile Intrgueg (sic)," which presumably refers to an Oldsmobile Intrigue, a sedan, and a "1997 Ford E-150 Eco," which is a cargo van.  It is unclear whether the Complaint is mistaken in its assertion that the plaintiff was driving a 2000 blue minivan or whether the plaintiff has an additional policy with Nationwide which Nationwide failed to attach to its response in opposition to the plaintiff's motion to remand. As a result, defendants have not met their burden of showing that the plaintiff cannot establish a claim based on a lack of underinsured motorist coverage.

### C.    Cause of Action for Uninsured Motorist Coverage

The plaintiff's reply to Nationwide's response states that "there is the possibility that the Plaintiff's policy, namely his uninsured motorist coverage, may be applicable" [Doc. 11]. ADESA and Carr's response in opposition to the plaintiff's motion to remand state that the plaintiff "cannot present a new cause of action or theory of recovery to avoid federal diversity jurisdiction" [Doc. 13].

It is unclear from the Policy Declarations submitted by Nationwide what uninsured or underinsured motorist coverage, if any, was available to the plaintiff's vehicle that was involved in the accident.  Even if the Policy Declarations do refer to the vehicle involved in the accident, it would not be dispositive of plaintiff's cause of action.  Other courts have

analyzed motor vehicle insurance policies where the term "uninsured motorists coverage" is used to refer to both uninsured and underinsured motor vehicles.  *See Trigo v. Travelers Commercial Insurance Co.*, 755 F. Supp. 2d 749, 755 (W.D. Va. 2010); *Lowther v. Nationwide Insurance Co.*, 64 Ohio App. 3d 750, 752 (1990).  Without further evidence, this Court cannot conclude that the defendants have met their burden of showing that the plaintiff cannot establish a claim based on a lack of underinsured motorist coverage.

"Once the court identifies the glimmer of hope for the plaintiff, the jurisdictional inquiry ends."  *Hartley v. CSX Transportation*, 187 F.3d 422, 426 (4th Cir. 1999).  The Court finds that the plaintiff has a possible claim against Nationwide and thus, Nationwide's citizenship should not be disregarded for purposes of diversity.  As a result, this Court lacks subject matter jurisdiction, as neither complete diversity nor a federal question is present. Accordingly, the plaintiff's motion to remand should be **GRANTED**.

## CONCLUSION

For the foregoing reasons, the Court finds that the plaintiffs' Motion to Remand **[Doc. 7]** should be, and hereby is, **GRANTED**.  Accordingly, the Court **REMANDS** this case to the Circuit Court of Brooke County, West Virginia.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record and transmit a copy to the Circuit Court of Brooke County, West Virginia.

**DATED:** March 14, 2013.


JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE